UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LU ANN BEARBOW MONROE                 CIVIL ACTION

VERSUS                 NO. 23-982-JWD-RLB

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 3, 2024.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LU ANN BEARBOW MONROE**     **CIVIL ACTION**

**VERSUS**     **NO. 23-982-JWD-RLB**

**FOREMOST INSURANCE COMPANY**
**GRAND RAPIDS, MICHIGAN**

## REPORT

This Report and Recommendation is issued *sua sponte.* Plaintiff initiated this action on or about August 27, 2023, naming as defendant Foremost Insurance Company Grand Rapids, Michigan. (R. Doc. 1). Summons were submitted then issued by the Clerk of Court on November 28, 2023. (R. Docs. 4, 5). Plaintiff filed proof or service indicating defendant was served on December 8, 2023. (R. Doc. 10). Defendant filed an Unopposed Motion for Extension of Time to File Responsive Pleadings, which the Court granted, and defendant filed a timely answer on January 26, 2024. (R. Docs. 6, 9, 12).

On March 28, 2024, the Court entered an Order setting a scheduling conference for May 30, 2024 with a joint status report due by May 16, 2024. (R. Doc. 14). Counsel for plaintiff later filed a Motion to Withdraw and Substitute Counsel as well as a Motion for Carla R. Delpit to Appear Pro Hac Vice on behalf of plaintiff. (R. Docs. 15, 16). The Court granted these requests and Aaron J. Hurd was enrolled as counsel for plaintiff in place of Heather Ford with Carla R. Delpit enrolled as pro hac vice co-counsel. (R. Docs. 20, 21).

On May 16, 2024, counsel for plaintiff filed a Motion to Continue the Scheduling Conference and Corresponding Status Report Deadline. (R. Doc. 23). The Court granted the motion and reset the scheduling conference to July 11, 2024 with a joint status report due by June 27, 2024. (R. Doc. 24). Plaintiff failed to file the Status Report as ordered.

On July 3, 2024, the Court entered an Order resetting the scheduling conference and joint status report deadlines on the basis that a joint status report was not filed as directed. (R. Doc. 25). The Court ordered a status report to be filed on August 22, 2024. The parties were advised that failure to file the joint status report may result in a show cause order issued to counsel. Plaintiff failed to file the Status Report as ordered.

On August 26, 2024, the Court entered an Order resetting the scheduling conference for October 10, 2024 with a joint status report due by September 26, 2024. (R. Doc. 27). The Order also directed counsel for plaintiff to show cause, in writing, for failure to file the status report as directed. The parties were advised that, should a status report be filed as directed, then no response was due to the order to show cause.

A review of the record indicates plaintiff has again failed to file a joint status report and has not filed a response to the order to show cause. Plaintiff has now failed to comply with multiple Court orders. As a practical matter, the case cannot proceed if Plaintiff continues to disregard the Court's orders. Plaintiff's failure to prosecute effectively deprives the defendant of the opportunity to defend itself from the allegations made against them.

Although not directly applicable under the current circumstances, Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff should be afforded that same 14-day period to advise the Court if she intends to proceed with this case and explain

why this matter should not be dismissed due to her repeated disregard for this Court's orders. The timeframe to submit objections to this Report and Recommendation will give that time.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to comply with Court orders.

Signed in Baton Rouge, Louisiana, on October 3, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**